LOTTINGER, Judge.
This is a slip and fall case. The plaintiff claims he slipped on a lemon peel at a cafeteria operated by the defendant and aggravated a pre-existing back condition which eventually resulted in disc surgery. The trial judge expressed disbelief in the plaintiff’s testimony and found no connection between the slip and the plaintiff’s serious medical problems. He ruled in favor of the defendant, and the plaintiff perfected this appeal.
The plaintiff’s four specifications of error revolve around the trial court’s finding that the plaintiff failed to establish a prima fa-cie case as to the degree of the slip and the connexity between the slip and the cause of the injury. The plaintiff also claims the trial court erred in deciding the case based solely on the plaintiff’s credibility and in failing to award the plaintiff damages.
The plaintiff claims that on November 9, 1976, he slipped on a lemon wedge while standing in line at the cafeteria in the Department of Education Building in Baton Rouge, Louisiana. He prevented himself from falling by grabbing the tray rail.
More than two months prior to the slip incident, the plaintiff visited his family physician, Dr. Vincent A. Bella, complaining of low back pain. As a result of this August 31, 1976 visit, Dr. Bella prescribed muscle relaxants, bed rest and heat to the back area. He diagnosed the plaintiff’s condition as sciatica.
About one week after the slip incident, the plaintiff saw Dr. William Smith on November 17, 1976. Dr. Smith recommended physical therapy consisting of deep heat, sand bags and rub downs, and the plaintiff said he underwent the physical therapy treatments for about two weeks. He saw Dr. Smith off and on for a year. Dr. Smith did not testify at trial or by deposition.
In November of 1977, Dr. Smith referred the plaintiff to Dr. Thomas B. Flynn, a neurological surgeon. A myelogram was performed on the plaintiff on November 28, 1977. The myelogram showed a probable disc herniation at the L-4 level. On November 29, 1977, Dr. Flynn performed a laminectomy, excising the herniated disc.
Between his visits to Dr. Smith and Dr. Flynn, plaintiff saw Dr. James Halley, an orthopedic surgeon, on August 4, 1977. He complained of back pain and related the slip incident at the cafeteria. X-rays of the lumbar spine taken by Dr. Halley showed no definite evidence of arthritis and revealed well preserved disc spaces. The plaintiff saw Dr. Bella three times during 1977 mainly in relation to pain in the abdomen and chest areas. He also saw a Dr. Harris A. Lappin, a heart specialist, a couple of times in 1977. The plaintiff was unable to perform Dr. Lappin’s exercise routine because, as he told the doctor in a follow-up visit on May 11, 1977, he had pain in his back and leg.
Two other persons who witnessed part of the slip incident testified at trial. One of them, an employee of the plaintiff in the Department of Education, said he saw the plaintiff grab the rail to prevent falling. He said the plaintiff picked up a lemon wedge and, after they had sat down, told him that he had twisted something in his back. The other witness, Mrs. Eva Tem-plet, a cashier at the time of the incident, had no knowledge of the lemon wedge and believes the plaintiff slipped on a small spot of water. Mrs. Templet and the plaintiff’s employee agreed that the incident occurred *381 in the morning hours. Plaintiff said the incident took place in the afternoon.
In written reasons for judgment, the trial court found “as a fact that plaintiff failed to establish a prima facie case as to the degree of his slip and fall and as to whether or not the fall is the cause of his injury. Simply stated, the Court does not believe the testimony of the plaintiff. His demean- or on the stand, his unresponsiveness to questions, his inexplicable lack of memory on important points and variance with his own witnesses as to material facts leads the court to believe that he has embellished his testimony as to the degree and cause of the slip in the cafeteria, and the connection between that slip and his admittedly serious medical problems.” As an after thought, the trial court observed that had the plaintiff established a prima facie showing of connexity, “the defendant would not have been successful in demonstrating that its cleanup procedures were reasonable towards the plaintiff under the circumstances of this case.”
After a careful review of the record we are convinced the trial judge was correct.
Therefore, for the above and foregoing reasons, the judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.